[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13150
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00003-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLY RENEE SMELCER,
a.k.a. Carly Renee Fuller,
a.k.a. Carly Rener Weber,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 29, 2018)

Before JORDAN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Carly Renee Smelcer appeals her 18-month sentence imposed after she pled guilty to driving under the influence of alcohol ("DUI") in the special maritime and territorial jurisdiction of the United States on the Elgin Air Force Base ("AFB"), in violation of Fla. Stat. § 316.193(1)(a), (2)(b)(3) and 18 U.S.C. §§ 7, 13. Smelcer argues that the district court abused its discretion in sentencing her to a term of incarceration in light of her eligibility for probation, given (1) her status as a single mother of two young children; (2) her need for alcohol-abuse treatment; and (3) the cost and overcrowding of prisons. We affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*). District Courts are allowed a range of choices in making sentencing decisions, and we will not disturb those choices so long as they do not constitute a clear error of judgment. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

Where, as here, the offense is a felony for which no guideline has been expressly promulgated, and no sufficiently analogous guideline exists, the provisions of 18 U.S.C. § 3553 control. U.S.S.G. § 2X5.1. A district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). 18 U.S.C. § 3553(a). The § 3553(a) factors the

2

court considers include the nature and circumstances of the underlying violation, the history and characteristics of the defendant, the need for the sentence being imposed to afford deterrence and to protect the public, the kinds of sentences available, and the guideline range.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(3), (a)(4).

A sentence may be substantively unreasonable if a district court unjustifiably relied on any § 3553(a) factor or failed altogether in considering pertinent § 3553(a) factors.  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). We consider the totality of the circumstances when evaluating whether the sentence achieves the sentencing purposes of § 3553(a).  *Id.*  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Garza-Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013).  The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

Here, we find no abuse of discretion, and the sentence is not substantively unreasonable.  The district court stated that it considered all of the § 3553(a) factors, and its articulated reasoning for the sentence clearly demonstrates that it did.  Indeed, the district court noted that the instant case constituted Smelcer's fifth DUI conviction, and that she was "clearly intoxicated" but not arrested in at least

3

one additional instance.  Observing that Smelcer had not served any significant period of incarceration following any of her prior DUIs, the district court opined that Smelcer's previous convictions "have really gone unaddressed by the judicial system" and expressed concern that Smelcer is a danger to the community and that she could be a danger to her children in the future if she continues to drink and drive.  To minimize this possibility, the district court required the placement of an ignition lock on Smelcer's vehicle upon her release from prison and during her supervised-release period.  As for Smelcer's plea for treatment, the district court recommended that, if possible, Smelcer participate in the Residential Drug Abuse Program while in custody.

We disagree that Smelcer's family circumstances, the overcrowding of prisons, or Smelcer's alcohol problem somehow rendered the district court's sentence substantively unreasonable.

Beginning with Smelcer's family circumstances, we have previously noted the unfortunate truth that "[t]here is nothing inherently extraordinary about caring for a child or a sick parent.  Innocent young family members, including children, commonly suffer as a result of a parent's incarceration."  *United States v. DeVegter*, 439 F.3d 1299, 1307 (11th Cir. 2006).  And as we have noted, the district court's sentencing discussion makes it clear that the court considered Smelcer's circumstances but concluded that they did not warrant a sentence of

4

probation, in light of her four prior DUI convictions, the danger to the community that the court found she represented, and her potential danger to her children in the future if she did not cease her drinking and driving.

Turning to the overcrowding of prisons, we note that such considerations are properly weighed by the legislature and prison administration rather than district courts. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (reversing the Sixth Circuit's determination in a civil rights case that prison overcrowding and double celling violated the Eighth Amendment's cruel and unusual punishment clause). The district court did not err in not weighing this consideration.

Finally, as to Smelcer's alcohol problem, the district court very plainly did, in fact, consider it in fashioning Smelcer's sentence. In fact, the court recommended that Smelcer be placed in the Residential Drug Abuse Program. We find no abuse of discretion.

Ultimately, Smelcer failed to meet her burden of establishing that the district court's sentence was unreasonable. The court imposed a well-reasoned imprisonment sentence after considering all of the relevant factors, and it did not abuse its discretion.

**AFFIRMED.**